UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL ALLEN HOLLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:13-CV-52 WL |
| ) | |
| WILLIE PURCELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Michael A. Hollon, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard as when addressing a motion to dismiss under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The complaint is not overly detailed, but it can be discerned from the complaint and attachments that Mr. Hollon was removed from his prison job afer he failed to give a urine sample in accordance with prison policy. Mr. Hollon believes that his due process rights were violated in connection with his termination. (*Id.* at 3-4.) The law is clear, however, that prisoners have neither liberty nor property interests in their prison work assignments. *Dewalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Thus, Mr. Hollon cannot base a due process claim on the loss of his prison job. *See Dewalt*, 224 F.3d at 613. Although Mr. Hollon believes the prison's decision was unfair, "[f]ederal courts are not boards of appeal in prison administration. Error in carrying out a lawful state program does not violate the Constitution." *DeTomaso*, 970 F.2d at 214. Accordingly, these allegations fail to state a plausible claim for relief.

Mr. Hollon also claims that he was mistreated in connection with the urine test, because the guard failed to recognize that he had medical problems which made it difficult for him to give a sample.[1] The bulk of his allegations center on the guard's failure to comply with internal prison policies, but a violation of prison policy or other state law cannot create liability under 42 U.S.C. § 1983. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that 42

---

[1] When asked to provide documentation of his medical condition, a member of the medical staff stated that he did not have any condition which would make him unable to provide a urine sample, and that he was taking medication which, if anything, would make him urinate more frequently. (DE 1-1 at 14.) Mr. Hollon appears to take issue with this opinion, stating that he was taking another medication for irritable bowel syndrome which, in his words, "Any medical person, or informed lay person would know, would cause dehydration." (*Id.*)

U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state statutes or administrative regulations).

Mr. Hollon also alleges that the guard made him feel pressured and upset by telling him he needed to hurry up, but even assuming the guard's statements rose to the level of verbal harassment, they would not be actionable. *See DeWalt*, 224 F.3d at 612 ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 446 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment.").

Mr. Hollon further alleges that while he trying to give a urine sample, he strained so hard that he defecated on himself. (DE 1 at 3.) No doubt this incident was unpleasant and embarrassing for Mr. Hollon, but the court cannot discern how his own bodily functions could establish deliberate indifference on the part of prison personnel. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (stating that "deliberate indifference" means the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so."). Although the Eighth Amendment entitled him to the "minimal civilized measure of life's necessities," which includes access to showers and hygiene items needed to keep himself clean,[2] *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir.

---

[2] Mr. Hollon expresses concern that without his state pay he will be unable to buy hygiene items needed to keep himself clean, but as indicated above he has a right to adequate hygiene items even if he cannot afford to pay for them. *See Gillis*, 468 F.3d at 493; *Farnham*, 394 F.3d at 482-83.

3

2006), he makes clear that after he defecated, one of the guards took him to his cell, let him use the toilet, and let him take a "special shower to clean off body waste." (DE 1-1 at 10-12.) In sum, Mr. Hollon's allegations do not state a plausible claim for relief.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: February 13, 2013           s/William C. Lee
                                                           William C. Lee, Judge
                                                           United States District Court